IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
October 21, 2021

## MARYCLAIR B. MCDONALD V. KALEB C. COFFELL

**Appeal from the Circuit Court for Bradley County**
**No. V-13-280          Lawrence Howard Puckett, Judge**

_____

### No. E2021-00460-COA-R3-CV

_____

A review of the record on appeal reveals that the order appealed from does not constitute a final appealable judgment. As such, this Court lacks jurisdiction to consider this appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

JOHN W. MCCLARTY, J.; D. MICHAEL SWINEY, C.J.; AND KRISTI M. DAVIS, J.

Henry Franklin Chancey, Cleveland, Tennessee, for the appellant, Kaleb C. Coffell.

Mark Randall Sellers, Cleveland, Tennessee, for the appellee, Maryclair B. McDonald.

### MEMORANDUM OPINION[1]

Pursuant to the requirements of Rule 13(b) of the Tennessee Rules of Appellate Procedure, the Court directed the appellant, Kaleb C. Coffell ("Father"), to show cause why this appeal should not be dismissed for lack of subject matter jurisdiction after it became clear that there was no final judgment from which an appeal as of right would lie. "A final judgment is one that resolves all the issues in the case, 'leaving nothing else for the trial court to do.'" *In re Estate of Henderson*, 121 S.W.3d 643, 645 (Tenn. 2003) (quoting *State ex rel. McAllister v. Goode*, 968 S.W.2d 834, 840 (Tenn. Ct. App. 1997)).

---

[1] Rule 10 of the Rules of the Court of Appeals provides:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

This Court does not have subject matter jurisdiction to adjudicate an appeal as of right if there is no final judgment. *See Bayberry Assocs. v. Jones*, 783 S.W.2d 553, 559 (Tenn. 1990) ("Unless an appeal from an interlocutory order is provided by the rules or by statute, appellate courts have jurisdiction over final judgments only.").

Specifically, in its April 29, 2021 order, the Circuit Court for Bradley County modified co-parenting time, but the record on appeal is devoid of a current child support worksheet showing the calculation of child support. *See, e.g., Hensley v. Hensley*, No. E2017-00354-COA-R3-CV, 2017 WL 5485320, at *7 (Tenn. Ct. App. Nov. 15, 2017) ("we conclude that because the trial court in its judgment has modified the residential co-parenting schedule but failed to address the issue of a corresponding modification in child support, the judgment is not final. We therefore do not have subject matter jurisdiction to consider this appeal.").

Additionally, the appellee, Maryclair B. McDonald ("Mother"), filed two motions for contempt, one on February 22, 2019 and one on June 25, 2021. The record lacks any orders addressing these two motions for contempt.

Father responded to our show cause order and argued that this Court should consider this appeal because "the trial court specifically ordered Father to 'petition[] the Court again to modify his parenting time set forth herein,'" and because "Father is not appealing any issue with regards to child support." Father has missed the point. We do not find good cause to suspend the finality requirement in this case because the lack of a child support worksheet would hinder this Court's review of any issues regarding parenting. Furthermore, Father has ignored the fact that there remain two pending motions for contempt, which render the order appealed non-final.

"Except where otherwise provided, this Court only has subject matter jurisdiction over final orders." *Foster-Henderson v. Memphis Health Center, Inc*., 479 S.W.3d 214, 222 (Tenn. Ct. App. 2015). Because there is no final appealable judgment, the appeal is hereby dismissed. Costs on appeal are taxed to the appellant, Kaleb C. Coffell, for which execution may issue.

**PER CURIAM**